UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERIUM INTERNATIONAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:17-CV-2994-B |
| | § | |
| ALOEVERITAS AMERICAS, LLC, | § | |
| HW & B ENTERPRISES, LLC, | § | |
| CHRIS HARDY, and | § | |
| JOSEPH J. MACKEY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the defendants' motion to stay. Doc. 23, Mot. to Stay. The Court **DENIES** the motion.

### I.

### BACKGROUND

In 2016 Nerium Biotechnology, Inc. and related entities (collectively NB) sued Nerium International, LLC (NI) and others for a variety of claims, including trademark infringement. *Id.* at 1. NI claimed however that it rather than NB owns the trademarks NB asserted against it. *Id.* Here, NI asserts the same trademarks, relying on the following four causes of action: (1) trademark infringement; (2) trade-dress infringement; (3) false advertising; and (4) trademark dilution. *Id.*; Doc. 1, Compl., ¶¶ 9–21, 22–50; *see* 15 U.S.C. §§ 1125(a), (c) (providing the bases of NI's causes of action). The defendants have moved to stay this case until the first-filed case determines whether

NI or NB owns the trademarks at issue. Doc. 23, Mot. to Stay. The motion is ripe for review.

## II.

## ANALYSIS

Incidental to a court's inherent power to control its docket is the power to stay proceedings before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether a court should stay a case depends on how a stay would affect the parties' interests and whether a stay would conserve judicial resources. *See id.* at 254–55; *Wolf Designs, Inc. v. Donald McEvoy, Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004).

The defendants argue that staying the case would conserve judicial resources because the issue of whether NI owns the trademarks it now asserts is at issue in both this case and the earlier-filed case. Doc. 23 Mot. to Stay, 4. They claim that the Court could find in the first case that NI does not own the trademarks and that the resulting issue preclusion would prevent NI from arguing that it owns the trademarks in this case, thereby foreclosing NI's claims. *Id.* at 7.

The defendants are incorrect. NI does not have to show that it owns the trademarks it now asserts to prevail on three out of four of its claims. Three of NI's claims against the defendants are under 15 U.S.C § 1125(a), and a plaintiff suing under § 1125(a) need not show it owns the marks it asserts but only a beneficial interest in the marks. *See* § 1125(a) (stating that those engaged in trademark infringement or false advertising "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act"); *Drake v. Malouf*, No. Civ. A. 3:99-cv-0315-G, 1999 WL 1007642, at *5 (N.D. Tex. Nov. 5 1999) ( "'[T]he question of ownership is immaterial to standing under § 43(a), since standing may lie with mere users of trademarks.'") (quoting *Murphy v. Provident Life Ins. Co. of Phila.*, 756 F. Supp. 83, 86 (D. Conn. 1990)). So even

if issue preclusion resulting from a finding that NB owns the marks precluded NI from arguing that it owns the marks, NI would still have claims against the defendants because it could still show it has a beneficial interest in the trademarks. And even if a finding that NI owned the marks were helpful to NI in the first case, the defendants would still be able to challenge NI's ownership or interest in the marks in this case because they are not parties to the first case. 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4416 (3d ed. 1998) (noting that for issue preclusion to apply, "the later litigation [must be] between the same parties or involve[] nonparties that are subject to the binding effect or benefit of the first action"). Thus, because ownership related findings in the first case will not substantially reduce litigation in this case, the Court is not convinced that staying this case would conserve judicial resources.

But the findings in the first case could bear on NI's dilution claim. A dilution claim requires the plaintiff to own the marks she asserts. 15 U.S.C. § 1125(c). So if the first case determines that NI does not own the marks, issue preclusion will prevent NI from arguing in this case that it owns the marks, thereby dooming NI's dilution claim. The Court nonetheless declines to stay this case because ownership-related findings in the first case will not affect the bulk of NI's claims against the defendants. *See, e.g.*, *Hillstone Rest. Grp. v. Hillstone Mgmt., LLC*, No. 3:16-cv-2624-D, 2017 WL 495869, at *1 (N.D. Tex. Feb. 7, 2017) (denying stay because allowing prior litigation to proceed would resolve "fewer than all issues before [the] court").

## III.

## CONCLUSION

The Court **DENIES** the defendants' motion to stay.

SO ORDERED.

SIGNED April 20, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE