UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERIUM INTERNATIONAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:17-CV-2994-B |
| | § | |
| ALOEVERITAS AMERICAS, LLC, | § | |
| HW & B ENTERPRISES, LLC, | § | |
| CHRIS HARDY, and | § | |
| JOSEPH J. MACKEY | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Nerium International, LLC (NI) and the defendants (collectively Aloeveritas) compete as marketers and sellers of high-end skin-care products. In this case, NI has sued Aloeveritas, accusing it of using marks and packaging so confusingly similar to NI's as to violate federal trademark law. Aloeveritas now asks the Court to dismiss NI's lawsuit, arguing that NI has failed to state a claim and failed to join a necessary party. Unpersuaded by Aloeveritas's arguments, the Court **DENIES** the motion to dismiss.

### I. BACKGROUND[1]

*A. Factual Background*

NI sells high-end skin-care products, including a day cream and a night cream derived from

---

[1] The Court has taken these facts from NI's complaint, Doc. 1, Compl., and the parties' briefing on the motion before the Court, Doc. 11, Mot. to Dismiss; Doc. 12, Resp.

the nerium oleander plant, from which NI takes its name. Doc. 1, Compl., ¶ 10. NI claims that its products have been a great success, earning NI millions of dollars and much respect, and that the public so strongly associates the Nerium mark and trade dress with NI that NI owns the mark and trade dress and that the Nerium mark is famous as a matter of trademark law. *Id.* ¶ 11.

Aloeveritas too sells high-end skin-care products, including day creams and night creams derived from the nerium oleander plant. *Id.* ¶ 14. NI alleges that Aloeveritas's promotional materials and packaging include the phrase "nerium night cream" and "nerium day cream" and that Aloeveritas's packaging closely resembles NI's. *Id.* ¶¶ 14–17. NI claims also that Aloeveritas has marketed its day and night creams as "bestselling" products and that, because Aloeveritas has sold its day and night creams in the United States only since October 2017, Aloeveritas's claim that its products are "bestselling" can only be based on NI's sales of nerium-based creams. *Id.* ¶ 18. And NI accuses Aloeveritas of using NI's success and scientific research to promote Aloeveritas's products. *Id.* ¶ 19.

Aloeveritas contends in its motion to dismiss that NI does not own the Nerium mark. Doc. 11, Mot. to Dismiss, 2. Rather, according to Aloeveritas, a company called Nerium Biotechnology, Inc. (NBI) owns the mark and has licensed Aloeveritas to use the mark. *Id.* NBI is currently litigating against NI in another case before the Court. *See Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-cv-1217-B, 2017 WL 177651 (N.D. Tex. Jan. 16, 2017).

*B. Procedural History*

NI filed its complaint on October 30, 2017, alleging four federal trademark-related causes of action against Aloeveritas: (1) trademark infringement, 15 U.S.C. § 1125(a); (2) trade dress infringement, *id.*; (3) false advertising, *id.*; and (4) trademark dilution, *id.* § 1125(c). Doc. 1, Compl.,

¶¶ 22–50. Aloeveritas responded by moving the Court to dismiss NI's lawsuit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and under Rule 12(b)(7) for failure to join a necessary party under Rule 19. Doc. 11, Mot. to Dismiss. Aloeveritas's motion is ripe for review.

## II.

## LEGAL STANDARD

*A. Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim upon which relief may be granted. When analyzing Rule 12(b)(6) motions, courts generally consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). During this review, factual allegations must be viewed "in the light most favorable to the plaintiffs." *Kopp v. Klien*, 722 F.3d 327, 333 (5th Cir. 2013). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) motions turn on whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Facially plausible complaints "allege 'more than labels and conclusions'" and contain enough factual allegations "'to raise a right to relief above the speculative level.'" *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). If the allegations lack sufficient detail, "this basic deficiency should . . . be exposed" before the parties and court spend unnecessary time and resources on the case. *Twombly*, 550 U.S. at 558.

*B. Rule 12(b)(7)*

A party can move under Rule 12(b)(7) to dismiss a case in which a party is absent that Rule 19 requires to be present. Under Rule 19(a), a person "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1). If a person Rule 19(a) requires to be joined cannot be joined, "the court must determine whether . . . the action . . . should be dismissed." Fed. R. Civ. P. 19(b).

A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.* Furthermore, the party seeking dismissal "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).

## III.

## ANALYSIS

*A. Rule 12(b)(6)*

Aloeveritas asks the Court to dismiss NI's claims under Rule 12(b)(6) for four reasons. The Court will address each in turn.

First, Aloeveritas says NI's claims fail because NI does not own the mark it alleges Aloeveritas

has infringed. Doc. 11., Mot. to Dismiss, 8. Aloeveritas's first argument fails for two reasons. First, NI's pleadings make plausible that it owns the mark. "Ownership of trademarks is established by use, not by registration." *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 842 (5th Cir. 1990). And NI pleaded that it has been using the Nerium mark since 2011. Doc. 1, Compl., ¶¶ 9–13. Aloeveritas's attachment of trademark registration applications to its motion does not negate NI's pleadings because registration does not eliminate a senior user's ownership of a trademark. *Tinker, Inc. v. Poteet*, No. 3:14-cv-2878-L, 2017 WL 4351304, at *5 (N.D. Tex. Sept. 30, 2017). Second, NI's § 1125(a) claims do not require NI to own the trademarks it claims Aloeveritas has infringed. *See* 15 U.S.C. § 1125(a) (stating that those engaged in trademark infringement or false advertising "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act"); *Drake v. Malouf*, No. Civ. A. 3:99-cv-0315-G, 1999 WL 1007642, at *5 (N.D. Tex. Nov. 5 1999) ( "'[T]he question of ownership is immaterial to standing under § 43(a), since standing may lie with mere users of trademarks.'") (quoting *Murphy v. Provident Life Ins. Co. of Phila.*, 756 F. Supp. 83, 86 (D. Conn. 1990)).

Second, Aloeveritas claims that the Court should dismiss NI's claims because NI is attempting to assert a goods trademark when it owns only a services trademark. Doc. 11, Mot. to Dismiss, 11. But this argument fails for the same reason as Aloeveritas's first argument; NI pleadings make plausible that it owns the goods trademark, and NI does not have to own the goods trademark for its § 1125(a) claims to proceed.

Third, Aloeveritas contends that NI's pleadings identify no statements made by Aloeveritas that could possibly be construed as false advertising. *Id.* at 12. A false advertising claim requires a plaintiff to show that the defendant

> in connection with any goods or services, or any container for goods, use[d] in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresent[ed] the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15 U.S.C. § 1125 (a). NI's pleadings clearly support a false-advertising claim because NI has pleaded that Aloeveritas used the Nerium mark in a confusing way, misled the public by referring to a product it has not before sold in the United States as best-selling, and alluded in advertising to NI's clinical studies to convince customers its products are the same as NI's. Doc. 1, Compl., ¶¶ 14–21.

And Fourth, Aloeveritas argues that NI's dilution claim fails because NI's pleadings do not make plausible that NI's mark is famous. Doc. 11, Mot. to Dismiss, 14. Aloeveritas is correct that a plaintiff must establish her mark as famous to prevail on a dilution claim. 15 U.S.C. § 1125(c). "[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Id.* § 1125(c)(2)(A). NI's following pleading makes it plausible that its mark is famous:

> Nerium has spent millions of dollars and has thousands of Brand Partners promoting products using the NERIUM mark in the United States and worldwide. As a result of its widespread efforts, consumers of skin care and wellness products now recognize Nerium as a source of those quality products. Through its continuous and exclusive use of the NERIUM mark over the last several years, Nerium's packaging designs, trade dress, its name, and trademarks have become distinctive of the products it sells. As a result of Nerium's extensive use and promotion of NERIUM for its products, the term NERIUM is widely associated with Nerium International, and the NERIUM trademark is famous and well-known.

Doc. 1, Compl., ¶ 11.

Thus, because all four of Aloeveritas's arguments fail, the Court **DENIES** Aloeveritas's motion to dismiss NI's complaint under rule 12(b)(6).

*B. Rule 12(b)(7)*

Aloeveritas argues under Rule 12(b)(7) that the Court should dismiss NI's case because NBI is a necessary but absent party under Rule 19(a). Doc. 11, Mot. to Dismiss, 4. But the absence of a necessary party does not by itself require a court to dismiss a case. A court may dismiss a case under Rules 12(b)(7) and 19 only if the necessary party cannot be joined. Fed. R. Civ. P. 19(b). Aloeveritas has presented no argument that NBI cannot be joined. The Court therefore **DENIES** Aloeveritas's motion to dismiss.

But the Court must still determine whether NBI is a necessary party such that it must be joined to this case. *See HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (noting that when deciding a rule 12(b)(7) motion to dismiss a court must first determine whether a party is a necessary party and, if so, order the party joined). The Court finds that NBI must be joined to this case for two reasons.

First, disposing of this case in NBI's absence could prejudice NBI. NI argues that it is the sole owner of the trademarks at issue, Doc. 12, Resp., 17, and NI's dilution claim requires NI to prove it owns the marks. 25 U.S.C. § 1125(c). Aloeveritas, however, has presented facts indicating NBI claims an interest in the trademarks. Aloeveritas argues that NBI owns the marks and has applied[2]

---

[2] NI contends that the Court cannot consider the registrations Aloeveritas attached to its motion to dismiss because the registrations are not authenticated and therefore inadmissible. Doc. 12, Resp., 18. But Aloeveritas does not need admissible evidence at this stage. It need present only facts indicating that NBI is a necessary party. *See City of Memphis*, 570 F.3d at 628 ("After 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'") (quoting *Pulitzer-Polster*, 784 F.2d at 1309).

to register the marks with the Patent and Trademark Office. Doc. 11, Mot. to Dismiss, 3–4. A determination in this case that NI is the sole owner of the marks would impair NBI's ability to protect its interest in the marks unless NBI is present to argue that it rather than NI owns the marks. *See* Fed. R. Civ. P. 19(a)(1)(B)(I). Additionally, "[a] judgment for the alleged infringer that . . . the defendant's mark does not infringe . . . may prejudice [NBI's] rights in [its] . . . mark." *Ass'n of Co-op Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1143 (5th Cir. 1982). Thus, NBI is a necessary party because disposing of this case without it would impair NBI's ability to protect its alleged interest in the marks at issue.

Second, disposing of this case without NBI could expose Aloeveritas to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [NBI's alleged] interest" in the trademarks at issue. Fed. R. Civ. P. 19(a)(1)(B)(ii). Aloeveritas claims that NBI rather than NI owns the trademarks at issue, that NBI has licensed Aloeveritas to use the trademarks, and therefore that NBI could bring a separate lawsuit against Aloeveritas for the same conduct at issue in this suit. Doc. 11, Mot. to Dismiss, 7. Because "[a] judgment for the [plaintiff] could result in double obligations for the defendant" if NBI sues Aloeveritas, *Ass'n of Co-op Members*, 684 F.2d at 1143, NBI is a necessary party.

Thus, the Court orders NBI to be made a party to this case. Fed. R. Civ. P. 19(a)(2).

### III.

### CONCLUSION

The Court **DENIES** Aloeveritas's motion to dismiss but **ORDERS** NBI to be made a party to this case. NBI must **APPEAR** within 30 days.

SO ORDERED.

SIGNED April 24th, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE